**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KENNETH MUESES,** | **:** | **CIVIL NO. 1:11-CV-442** |
| | **:** | |
| **Petitioner,** | **:** | **(Judge Rambo)** |
| | **:** | |
| **v.** | **:** | **(Magistrate Judge Carlson)** |
| | **:** | |
| **DEBRA SAUER, et al.,** | **:** | |
| | **:** | |
| **Respondents.** | **:** | |

**<u>MEMORANDUM ORDER</u>**

This case is a habeas corpus petition filed on March 9, 2011, by a state prisoner pursuant to 28 U.S.C. § 2254.(Doc. 1) After filing his petition, Mueses sought a 60 day extension of time in which to file a brief in support of the petition. (Doc. 7.) We granted this motion, in part, extending the deadline for the Petitioner's brief to April 25, 2011, six weeks from the day of the filing of this petition. (Doc. 8.)

In connection with this pending petition, the Petitioner has now submitted a motion (Doc. 11) asking the Court to reconsider this ruling and extend his briefing deadline for 60 days because he has hired an investigator to investigate his case. (Doc. 11.) For the reasons set forth below, we will deny this request.

We deny this request because we believe that it stems from an erroneous premise; namely, the premise that Mueses will be entitled to present new evidence in

this habeas proceedings. In this regard, we note that it is well-settled that: "The ability

of a federal district court to hold an evidentiary hearing in habeas review is limited

under [ 28 U.S.C. § 2254]." Rolan v. Vaughn 445 F.3d 671, 680 (3d. Cir. 2006).

Thus, a district court should generally decline to hold an evidentiary hearing on a

state prisoner habeas petition where the petitioner has had a full opportunity to

develop a factual record in the course of state proceedings. Id. Instead, in such

instances the district court should rely upon the factual record developed in the state

proceedings since § 2254(e) expressly provides that the determination of a factual

issue by a state court is presumed to be correct unless the petitioner can show by clear

and convincing evidence that this factual finding was erroneous. See 28 U.S.C.

§2254(e)(1).

Moreover, in those instances where a full record has not been developed by the

petitioner in state criminal proceedings, we are also cautioned to conduct evidentiary

hearings sparingly. The circumstances in which a hearing may be permitted under §

2254(e)(2) are defined narrowly. In fact, in this regard 28 U.S.C. § 2254(e)(2) only

provides for an opportunity for a hearing, at the court's discretion, in the following,

specifically enumerated situations:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that-
>
> (A) the claim relies on-
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense.

Rolan, 445 F.3d at 680, n.3.

Moreover, in most instances with respect to legal rulings by state courts under §2254(d), habeas relief is not available to a petitioner for any claim that has been adjudicated on its merits in the state courts unless it can be shown that the decision was either: (1) "contrary to" or involved an unreasonable application of clearly established case law; see 28 U.S.C. §2254(d)(1); or (2) was "based upon an unreasonable determination of the facts," see 28 U.S.C. §2254(d)(2). These judgments can only be based on the factual record that was before the state court and this Court cannot supplement the factual record for the purpose of making these judgments. see Cullen v. Pinholster, 2011 WL 1225705 (April 4, 2011).

Since the scope of our review is typically limited to the state court trial record, in most instances we would not be permitted to consider any new evidence that a private investigator may unearth. Therefore, we will  not delay briefing of this petition while the Petitioner engages in such investigation.  Accordingly, we will DENY this motion for an extension of time.[1]

So ordered, this 5th day of April, 2011.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

---

[1]In any event we note that the time for the filing of the Petitioner's traverse will now fall more than 60 days after the filing of this petition, thus enabling Mueses to have a full opportunity to brief any relevant issues in this case.