IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**KENNETH MUESES,** : CIVIL NO. 1:11-CV-0442
    Petitioner : (Judge Rambo)
v. :
**DEBRA SAUERS,** *et al.*, :
    Respondents :

FILED
HARRISBURG, PA
DEC 1 2 2012
MARY E. D'ANDREA, CLERK
Per _____
    Deputy Clerk

**MEMORANDUM**

Before the court is Petitioner Kenneth Mueses' motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). The motion seeks relief from this court's judgment filed on July 21, 2011, which denied Mueses' petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. That petition was dismissed as being time-barred by the AEDPA's statute of limitations.

The history of this case is that Mueses was convicted in Pennsylvania state court in February of 2005 and pursued a direct appeal of this conviction to the Pennsylvania Superior Court. That court affirmed his conviction and sentence on January 19, 2006. Mueses did not seek further direct review of his conviction and sentence by the Supreme Court. He stated that, "I did not appeal the direct appeal decision because it was done by a court appointed attorney, once I hired an attorney he said that it was meritless." (Doc. 1.) Thus, Mueses' direct appeals in the state court system concluded in January of 2006. Therefore, even if the period of time in which Mueses could have sought Pennsylvania Supreme Court review is tolled (relief which Mueses never sought), Mueses' one-year limitation period for filing a federal habeas petition began to run on or about February 19, 2006.

Approximately 333 days later, on January 18, 2007, Mueses filed a collateral attack on his conviction under the Pennsylvania Post Conviction Relief Act ("PCRA"). These PCRA proceedings then further tolled the operation of the statute of limitations, until March 10, 2010, when the Pennsylvania Supreme Court denied Mueses' petition for allowance of appeal from the denial of his PCRA petition. Mueses then filed the habeas petition in this court on March 9, 2011, 364 days after his state litigation drew to a close. When this delay is coupled with the delay between the conclusion of Mueses' direct appeal, and the commencement of his PCRA proceedings, a total of nearly 697 days elapsed prior to the filing of the § 2254 petition, a period of time which falls well beyond the § 2244(d) statute of limitations. Thus, on its face, the court found that Mueses' petition was untimely as it fell outside the § 2244(d) one-year limitation period.[1]

To justify equitable tolling of the one-year limitation period, Mueses must demonstrate that he has "in some extraordinary way" been prevented from asserting his or her rights. *Miller v. New Jersey State Dept. of Corrections*, 1245 F.3d 616, 618 (3d Cir. 1998). In his instant motion for relief from judgment, Mueses states,

> Instantly, as shown by the attached "Affidavit of Petitioner, Kenneth Mueses," during the course of his state PCRA proceedings, petitioner was represented by Attorney Royce Morris. (Appendix-"A" at ¶1). At no time during or following conclusion of those proceedings did Attorney Morris advise petitioner that the time between the affirmance of his conviction on direct appeal and the filing of his state PCRA were not tolled for AEDPA purposes. (*Id.* at ¶ 2.) Instead, Attorney Morris led petitioner to believe that he had one (1) year to file a federal habeas petition following conclusion of his state PCRA proceedings.

---

[1] This history was set forth by Magistrate Judge Carlson in his report and recommendation (Doc. 17, pp. 9-10).

(Doc. 30 at p. 7.)

The letter referred to as Appendix "A" above is attached hereto as exhibit A. In that letter, dated March 21, 2011, appears the following: "However, it is entirely your right whether you file a federal habeas. I have not been retained to represent you in regards to filing a federal habeas. So, if that is your desire, you would need to file that pro se or seek alternative counsel." There is nothing in that letter indicating Mr. Morris mislead Mueses as to the time to file a federal habeas petition; nor did he have an obligation to advise him as to the statute of limitations. Mueses has not shown any extraordinary circumstance that would justify tolling the statute of limitations in this matter.

The petition for relief from judgment will be denied. An appropriate order will be issued.

SYLVIA H. RAMBO
United States District Judge

Dated: December 12, 2012.



Goldberg
Katzman

A full-service law firm.

March 2, 2011

Arthur L. Goldberg
(1931-2000)

Harry B. Goldberg
(1935-1998)

Ronald M. Katzman
Saul J. Jesuwait
Allen Cooper
Thomas L. Brenner
April L. Strang-Kutay
Jerry L. Drass
Michael C. Rovensky
Thomas B. Taylor
Steven E. Grubb
Royce L. Morris
Joseph M. Sembrot
J. Ronaldo Legaspi
Jennifer L. Mundy
S. Baker Kensinger

COUNSEL
Joshua D. Lock
Arnold R. Fagan
Heather L. Paterno

CONFIDENTIAL ATTORNEY/CLIENT MAIL
OPEN ONLY IN PRESENCE OF INMATE

Kenneth Mueses (#GD4254)
SCI-Forest
P.O. Box 945
Marienville, PA 16239

**Re:   Commonwealth v. Mueses**

Dear Mr. Mueses:

Please be advised that I am in receipt of your letter dated February 20, 2011. At no time have I suggested to your family that you should seek an extension for any appeal rights that you may have. In my opinion, your only avenue of appeal, at this point, is that you find some new evidence. Of course, you have a right to file a federal habeas, which is what I think you are eluding to, however, on the state level, in order to seek a collateral attack, you can do so but only if it is based on newly discovered evidence.

Therefore, your brother thought it advisable to hire a private investigator because he, himself, has been able to do some general investigation which leads him to believe that this investigator may be able to unearth some evidence which would fit the category of newly discovered evidence and, therefore, allow you to get back into state court. That, in my opinion, is the best avenue to proceed with at this time because the likelihood of review under a federal habeas is slim in your case.

I hope this letter has answered your questions in that regard. However, it is entirely your right whether you file a federal habeas. I have not been retained to represent you in regards to filing a federal habeas. So, if that is your desire, you would need to file that pro se, or seek alternative counsel

Very truly yours,

Royce L. Morris

RLM:kjm
130000.14

Ex. A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KENNETH MUESES,** | : | CIVIL NO. 1:11-CV-0442 |
| Petitioner | : | (Judge Rambo) |
| v. | : | |
| **DEBRA SAUERS,** *et al.,* | : | |
| Respondents | : | |

## ORDER

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) The motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(6) (Doc. 29) is **DENIED**.

2) This case remains closed.

3) Any appeal from this order will be deemed frivolous and not taken in good faith.

                                             SYLVIA H. RAMBO
                                             United States District Judge

Dated: December 12, 2012.